IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:26-CR-<u>017</u>-H |
| MICHAEL DAVID BAUSINGER | |

### FACTUAL RESUME

In support of Michael David Bausinger's plea of guilty to the offense in Count One of the Information, Bausinger, the defendant; John Wolf, the defendant's attorney; and the United States of America ("the government") stipulate and agree to the following.

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1001(a)(2), that is, False Statement to a Federal Agent, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant made a statement;

*Second*: That the statement was false, fictitious, or fraudulent;

*Third*: That the statement was material;

*Fourth*: That the defendant made the statement knowing that it was false;

*Fifth*: That the defendant made the false statement willfully for the purpose of misleading the Executive Branch of the United States government; and

*Sixth*: That the statement pertained to a matter within the jurisdiction of the Department of Justice, Office of Inspector General, part of the executive branch of the United States government.

A statement is material if it has a natural tendency to influence, or is capable of

---

[1] Fifth Circuit Pattern Jury Instructions 2.45 (2024).

**Michael David Bausinger**
**Factual Resume—Page 1**

influencing, a decision of the Department of Justice, Office of Inspector General.

It is not necessary to show that the Department of Justice, Office of Inspector General, was in fact misled.

## STIPULATED FACTS

1. Defendant Michael David Bausinger admits and agrees that on or about November 13, 2025, in the Abilene Division of the Northern District of Texas, and elsewhere, he did willfully and knowingly make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, by stating or representing to a special agent employed by the Department of Justice, Office of Inspector General, an agency within the Executive Branch of the Government of the United States, that he had not provided contraband to inmates of the Federal Prison Camp in Big Spring, Texas. The statements and representations were false because, as Michael David Bausinger then and there knew, he had provided contraband to inmates of Federal Prison Camp in Big Spring, Texas. In violation of Title 18, United States Code, Section 1001(a)(2).

2. At all times material to this factual resume, the Department of Justice, Office of the Inspector General was part of the executive branch of the United States government. The Department of Justice, Office of the Inspector General has jurisdiction to investigate allegations of criminal and civil misconduct, as well as administrative violations, by Department of Justice employees, contractors, and grant recipients. The Bureau of Prisons ("BOP") is part of the Department of Justice and, therefore, the

**Michael David Bausinger**
Factual Resume—Page 2

Department of Justice, Office of the Inspector General has jurisdiction to investigate allegations of misconduct by BOP employees.

3. On November 13, 2025, a special agent with the Office of Inspector General visited the Federal Correctional Institution Big Spring, located in Big Spring, Texas, in the Abilene Division of the Northern District of Texas. At all relevant times, the special agent was employed by the Department of Justice, Office of Inspector General, an agency within the Executive Branch of the Government of the United States. While there, the agent met with Michael David Bausinger, who was then a BOP correctional officer and BOP employee at the Big Spring Prison Camp ("camp"), a minimum-security satellite facility. The special agent provided Bausinger with a target letter that informed Bausinger he was under investigation for violations of 18 U.S.C. § 201, that is, Receipt of a Bribe by a Public Official; and 18 U.S.C. § 1791, that is, Providing Contraband to Prison Inmates.

4. Bausinger agreed to a voluntary interview. During the interview, the special agent twice advised Bausinger that withholding or lying to a federal agent is a crime under 18 U.S.C. § 1001, and Bausinger confirmed he understood that provision each time. After being so warned, Bausinger stated that no inmate had ever asked him to assist in bringing contraband into the camp, and he never offered to bring contraband into the camp for an inmate. Bausinger said no inmate's friend or family member had ever asked Bausinger to bring contraband into the camp or brought Bausinger contraband to transport into the camp for an inmate. Bausinger also stated that he had never purchased

contraband for an inmate. Bausinger repeatedly represented that he had never provided an inmate with contraband.

5. At the time of the interview, Bausinger had, in truth and in fact, been purchasing contraband for inmates and providing them contraband for several years. Bausinger would bring the contraband into the prison camp inside his lunch cooler. On a few occasions, Bausinger brought contraband into the camp that he had received directly from friends or family of inmates. In exchange for bringing in the contraband to the inmates, Bausinger was paid by the inmate or by an associate of the inmate via CashApp. Bausinger admits and agrees that the representation that he never provided an inmate with contraband is false. He further admits he knew the representation was false when he made it.

6. Bausinger admits and agrees he made the representation willfully and for the purpose of misleading the special agent in her investigation. Bausinger admits and agrees that his false statement was material because it had a natural tendency to influence, or was capable of influencing, a decision of the Department of Justice, Office of Inspector General.

7. This Factual Resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's plea of guilty to Count One of the Information.

AGREED TO AND STIPULATED on this 4th day of March, 2026.

_[signature]_
MICHAEL DAVID BAUSINGER
Defendant

RYAN RAYBOULD
UNITED STATES ATTORNEY

_[signature]_
JENNIFER P. SCHRAUTH
Assistant United States Attorney
Iowa State Bar No. AT0015322
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7351
Facsimile:    806-472-7394
E-mail:         jen.schrauth@usdoj.gov

_[signature]_
JOHN WOLF
Attorney for Defendant

**Michael David Bausinger**
**Factual Resume—Page 5**